IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOVAN WILLIAMS,

    Plaintiff,

v.

REBECCA YOUNG, et al.,

    Defendants.

ORDER

Case No. 25-cv-252-jdp

---

JOVAN WILLIAMS,

    Plaintiff,

v.

TIA CHENTNIK, et al.,

    Defendants.

ORDER

Case No. 25-cv-254-jdp

---

JOVAN WILLIAMS,

    Plaintiff,

v.

JENNIFER NASH, et al.,

    Defendants.

ORDER

Case No. 25-cv-255-jdp

---

JOVAN WILLIAMS,

    Plaintiff,

v.

ALANA ACKER, et al.,

    Defendants.

ORDER

Case No. 25-cv-265-jdp

---

Plaintiff Jovan Williams, a prisoner in the custody of the Wisconsin Department of Corrections, has submitted a proposed civil action under 42 U.S.C. § 1983. Plaintiff has filed

a certified copy of a trust fund account statement and a motion for leave to proceed without prepaying the filing fee in each of the above cases. After considering the motion and supporting documentation, I conclude that plaintiff qualifies for indigent status.

Even when a prisoner litigant qualifies for indigent status, the litigant must pay a portion of the filing fee pursuant to 28 U.S.C. § 1915(b)(1). Using information from the plaintiff's trust fund account statement for the six-month period preceding the complaint, I have calculated the initial partial payment to be $5.70 for each case. For each of these cases to proceed, plaintiff must submit this amount in each case on or before May 6, 2025.

If plaintiff does not have sufficient funds in a regular inmate account to make the initial partial payment, then plaintiff should arrange with prison authorities to make the payment from a release account. However, prison officials will draw funds first from the prisoner's regular account and any portion of the initial partial payment remaining from the prisoner's release account. *Carter v. Bennett*, 399 F. Supp. 2d 936, 937 (W.D. Wis. 2005).

ORDER

IT IS ORDERED that:

1. Plaintiff Jovan Williams is assessed an initial partial payment of $5.70 in each of the above cases. Plaintiff must submit a check or money order payable to the clerk of court by May 6, 2025 or advise the court in writing why plaintiff is not able to make the initial partial payments.

2. No further action will be taken in this case until the clerk's office receives the initial partial payments as directed above and the court has screened the complaint as required

by the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2). Once the screening process is complete, the court will issue a separate order.

3. If plaintiff fails to make the initial partial payments by May 6, 2025, or fails to show cause why the payment could not be made, then I will assume that plaintiff wishes to withdraw this action voluntarily. In that event, the case will be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i). If plaintiff submits the initial partial payments within 30 days of dismissal, the case will be reopened. The court will not reopen the case after 30 days unless plaintiff makes a showing that they are entitled to relief under Federal Rule of Civil Procedure 60(b).

Entered this 7th day of April, 2025.

BY THE COURT:

/s/
ANDREW R. WISEMAN
United States Magistrate Judge