IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOVAN WILLIAMS,

                Plaintiff,

v.

REBECCA YOUNG, *et al.*,

                Defendants.

OPINION and ORDER

25-cv-252-jdp

---

Plaintiff Jovan Williams alleges that prison-staff defendants failed to prevent his suicide attempt and ignored his medical needs after he overdosed, violating his Eighth Amendment and state-law rights. The Wisconsin Department of Justice is representing the defendants employed by the state, but defendant Gina Strehlow is an employee of a private agency, so the court ordered the United States Marshal Service to serve this defendant. Dkt. 20. Strehlow has returned a waiver of service, Dkt. 23, but has not appeared, and plaintiff has moved for an entry of default against her. Dkt. 24. He also requests a scheduling order. Dkt. 26. For the reasons below, I will deem Strehlow served as of August 29, 2025, resetting her deadline to answer until September 19, 2025. Because of this reset, Strehlow is not in default, so I will deny plaintiff's motion for an entry of default on that basis, Dkt. 24. If Strehlow misses this new deadline, plaintiff may renew his motion then. Once Strehlow's new deadline to answer has passed, the court will set this case for a telephonic preliminary pretrial conference, during which I will set the case schedule and discuss case management. This makes plaintiff's request for a scheduling order unnecessary, Dkt. 26, and I will deny that motion as premature.

PROCEDURAL BACKGROUND

The court issued summons to Strehlow on June 10, 2025. Dkt. 21. On July 8, 2025, the Marshals Service returned a waiver of service for Strehlow, indicating her answer was due 60 days from June 11, 2025, or August 11, 2025. *See* Dkt. 23 at 2. Strehlow had emailed the form to the Marshals Service, and the copy she sent had her name typed in the signature block rather than personally signed. When the court noticed the lack of a personal signature, it reached out to the Marshals Service and learned that Strehlow had apparently intended to return the waiver form electronically signed but had struggled with its fillable sections.

On August 25, 2025, the Marshals Service followed up with Strehlow about the signature issue and received a second waiver form, again via email. This second form still bore Strehlow's typed name instead of her signature, but this time it also included an email address and telephone number. Strehlow herself then called the clerk's office that afternoon on the Marshal's instruction and explained that she had not realized she was required to answer the complaint after returning the waiver form.

Plaintiff filed for entry of default against Strehlow on August 13, 2025, and for a scheduling order on August 25, 2025.

ANALYSIS

A. Motion for entry of default, Dkt. 24

Plaintiff seeks an entry of default against Strehlow because she has not appeared in this lawsuit by the deadline set by the waiver forms. Dkt. 24. While Strehlow has not formally appeared, she has communicated with both the Marshal Service and the court, and reported that she was unaware of her responsibility to respond to the complaint after returning the

2

waiver forms. This explanation is not very persuasive, as the forms provide instructions for responding, but I will accept her explanation at face value in light of her presently unrepresented status. And I will reset her answer deadline to allow her to appear in the case without the immediate threat of default.

Where to set the deadline depends on whether I deem personal service waived or complete. The rules allow a defendant to waive her right to personal service of the summons and complaint in exchange for more time to respond. *See* Fed. R. Civ. P. 4(d) (waiving service). Strehlow has twice returned a waiver via email, but the forms were not personally signed, and Strehlow has yet to appear. Whether this constitutes waiver is not clear, and the deadline set by the waivers has elapsed in any event, so the court will turn to a different mechanism.

Instead, based on the unique facts of this record, I will deem Strehlow personally served as of August 29, 2025, and will reset her answer deadline to September 19, 2025. *See* Fed. R. Civ. P. 12(a)(1)(A) (a defendant must serve an answer within 21 days after being served with the summons and complaint). Generally, "neither the Federal Rules nor Wisconsin law governing service of process allows service by email." *Kolcu v. Verizon Commc'ns Inc.*, Case No. 23-cv-849, 2023 WL 6623706, at 2 (E.D. Wis. Oct. 11, 2023). But, given Strehlow's communications with the court, her communications with the Marshals about completing and returning her waiver of service form, and her multiple submission of waivers via email, I am satisfied that Strehlow has been notified of the pendency of this lawsuit. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."); *see also Sirius XM Radio Inc. v. Aura Multimedia Corp.*, 339 F.R.D. 592, 594 (S.D.N.Y. 2021) (allowing service of the

summons and complaint on an individual via email where other means proved impracticable and email service was likely to reach the defendant).

Because I have reset Strehlow's deadline to answer until September 19, 2025, Strehlow is not in default, and plaintiff's motion must be denied as moot. If Strehlow misses this new deadline, plaintiff may renew his motion.

**B.  Plaintiff's motion for a scheduling order, Dkt. 26**

Once Strehlow's new deadline to answer has passed, the court will schedule a telephonic preliminary pretrial conference with the parties to set the case schedule and open discovery. Although Strehlow's service issues have caused some delay, I will ensure that the case schedule is in line with other similarly situated cases, so this modest delay will not negatively affect the case. Discovery is closed, there have been no litigation tasks for plaintiff to perform, and he has not shown how he was otherwise prejudiced. For these reasons, plaintiff's motion for a scheduling order is premature, and it is denied on that basis.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for entry of default, Dkt. 24, is DENIED as moot.

2. Plaintiff's motion for a scheduling order, Dkt. 26, is DENIED as premature.

3. Defendant Gina Strehlow's deadline to answer or otherwise respond to the complaint is September 19, 2025.

4. As a one-time courtesy to Strehlow, the clerk's office is directed to email her a copy of this order at the email on her second waiver of service form. Future notices and orders will be served by mail once Strehlow submits her responsive pleading, unless she registers as an electronic filer or an attorney appears on her behalf.

Entered August 29, 2025.

BY THE COURT:

_____
ANITA MARIE BOOR
Magistrate Judge