IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOVAN WILLIAMS,

                Plaintiff,

  v.

REBECCA YOUNG, NICHOLAS ROEN,
BRITTANY HIBMA, SHANE HINTON,
BOWYN WILSON, GINA STREHLOW,
OFFICER SULLIVAN, OFFICER KRASOVEK,
OFFICER GENSKE, OFFICER REWEY,
OFFICER MORGAN,
and DR. ENGLISH,

                Defendants.

OPINION and ORDER

25-cv-252-jdp

---

Plaintiff Jovan Williams, proceeding without counsel, alleges that prison staff at Columbia Correctional Institution failed to promptly address his threats of suicide and failed to give him adequate medical care after he attempted suicide by overdosing on medication. Defendants move for partial summary judgment, contending that Williams failed to exhaust his administrative remedies for his claims based on defendants' refusal to put him in soft restraints when he was in the hospital after the overdose. Dkt. 36.[1] For the reasons stated below, I will grant defendants' motion and dismiss the restraints claims.

---

[1] Defendant Gina Strehlow is represented by different counsel than all the other defendants, because she was not a Department of Corrections employee when she worked at the prison. But after the DOC defendants moved for partial summary judgment, Strehlow moved to join that motion in full. Dkt. 40. Accordingly, I will treat the motion for partial summary judgment as brought by all the defendants.

ANALYSIS

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court about "prison conditions." 42 U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step in the administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025.

To exhaust administrative remedies in Wisconsin, inmates ordinarily must follow the Inmate Complaint Review System process as set forth in Wisconsin Administrative Code Chapter DOC 310. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by defendants. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

The PLRA doesn't apply to Williams's state-law negligence claims. But Wisconsin imposes a similar exhaustion requirement for state law claims, prohibiting prisoners from filing "a civil action or special proceeding . . . with respect to the prison or jail conditions in the facility in which he is or has been incarcerated, imprisoned or detained until the person has exhausted all available administrative remedies that the department of corrections had promulgated by rule." Wis. Stat. § 801.02(7)(b). Because Wisconsin's law is based on the federal PLRA, a court may take guidance from federal PLRA case law. *See Compton v. Cox*, No.

12-cv-837-jdp, 2017 WL 933152, at *6 (W.D. Wis. Mar. 8, 2017) (plaintiff "is free to use federal PLRA case law in analyzing the Wisconsin version").

Williams asserts that defendants Sullivan, Krasovek, Genske, Rewey, Morgan, and English violated the Eighth Amendment and Wisconsin negligence law by refusing to put Williams in soft restraints while he was in the hospital after his overdose, even though they knew that Williams's restraints were causing injury to his wrists and ankles. Defendants move for summary judgment on the restraints claims, contending that Williams's September 16, 2024, grievance about the overdose incident didn't put defendants on notice about the restraints issue. CCI-2024-13749, Dkt. 38-2.

In the absence of particular grievance rules mandating more, a prisoner does not have to plead legal theories in their grievances. *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004). But a prisoner must still "provide[ ] notice to the prison of 'the nature of the wrong for which redress is sought.'" *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020) (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). The key question is whether the prisoner's grievance provided "prison officials a fair opportunity to address his complaint." *Jackson v. Esser*, 105 F.4th 948 (7th Cir. 2024) (quoting *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011)); *see also* Wis. Admin. Code § DOC 310.07(6) ("A complaint must contain sufficient information for the department to investigate and decide the complaint.").

The parties agree that the September 16 grievance is the only complaint Williams filed about the events at issue in this case. Williams identified the subject of that grievance as, "CCI staff members didn't properly respond to my serious health needs." Dkt. 38-2, at 10. In his description of the incident, he wrote, "The issue that I am addressing in this complaint is that the officers and supervisor didn't properly respond to my overdose incident." He then wrote

3

several paragraphs describing how prison staff failed to prevent him from overdosing, failed to supervise him after he overdosed, and failed to act quickly to send him to a hospital. *Id* at 10–11. Williams's only reference to restraints is in the last paragraph of the grievance. Williams wrote:

> I then woke up in the hospital out of a coma over 24 hours later very confused with many injuries. As a result staff had to remove me from the room with force, leave me in restraints that was tight, I almost died and gina/the delay of not getting me to the hospital sooner not by EMS Ambulance could've caused me my life due to all of the responsible staff members at CCI not properly responding to my overdose. This is a clear violation of my constitutional rights and total disregard of the DAI Work Rules/Policies given to them that shall be investigated.

I conclude that the September 16 grievance did not fairly notify prison officials about Williams's restraints claims. Williams wrote that he was complaining about how prison staff responded to his overdose, so prison officials would have had no reason to know that he was also complaining about prison staff's failure to use soft restraints. Nor does the mention of restraints in the last paragraph provide enough information to notify prison officials about the restraints claims. Williams mentioned the restraints only in the context of explaining his injuries from the overdose, suggesting that his being left in restraints was part of the harm he suffered from the overdose, not a separate issue. Williams described the restraints as "tight," but he didn't identify any injury he suffered from the restraints, explain whether he had complained to staff about the restraints, or otherwise say anything that might have led prison officials to investigate the restraints issue as a separate claim. *See Page v. Inmate Call Sols.*, No. 21-cv-761-WMC, 2023 WL 7408089 (W.D. Wis. Nov. 9, 2023) (grievance must provide "sufficient basis to prompt the [complaint examiner] to investigate.").

4

Williams points out that he provided additional information about the restraints issue when he appealed the grievance, saying, "staff members . . . left me in excessive restraints for more than 24-hrs, causing me many injuries." Dkt. 38-2, at 30. He argues that this statement shows that he did raise the restraint issue in his grievance and that he was "just explaining more on that issue" in his appeal. Dkt. 41, at 3. But Williams's raising the restraints issue in his appeal is irrelevant. Prison regulations require inmates to raise issues by first filing a grievance at the institution level, so issues raised for the first time on appeal are not properly exhausted. *See* Wis. Admin. Code §§ DOC 310.07(1), 310.09(1); *Berg v. Babcock*, No. 18-cv-842-jdp, 2020 WL 869170, at *2 (W.D. Wis. Feb. 21, 2020). Williams did not fairly raise the restraints issue in his September 16 grievance, so he did not exhaust his administrative remedies for those claims.

CONCLUSION

Williams did not exhaust his administrative remedies for his claims based on defendants' failure to put him in soft restraints, so I will grant defendants' motion for partial summary judgment on those claims. These are the only claims against defendants Sullivan, Krasovek, Genske, Rewey, Morgan, and English, so I will dismiss them from the case. Dismissals for failure to exhaust are always without prejudice, *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004), although it is probably too late for Williams to properly exhaust his restraints claims.

This case will proceed on Williams's Eighth Amendment and Wisconsin-law negligence claims against Roen, Wilson, Young, Hibma, Hinton, and Strehlow based on their alleged

failure to prevent Williams from overdosing and failure to provide him with prompt medical care after he overdosed.

ORDER

IT IS ORDERED that:

1. Defendants' motion for partial summary judgment, Dkt. 36, and defendant Gina Strehlow's motion to join, Dkt. 40, are GRANTED.

2. Plaintiff Jovan Williams's claims against defendants Sullivan, Krasovek, Genske, Rewey, Morgan, and English are DISMISSED without prejudice.

3. Defendants Sullivan, Krasovek, Genske, Rewey, Morgan, and English are DISMISSED from the case.

4. Defendants' motion to stay discovery, Dkt. 42, and plaintiff's motion for a status update on partial summary judgment, Dkt. 57, are DENIED as moot.

Entered February 17, 2026.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge