IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOVAN WILLIAMS,

                              Plaintiff,                                      OPINION and ORDER

        v.

REBECCA YOUNG, *et al.*,                                                          25-cv-252-jdp

                              Defendants.

---

Plaintiff Jovan Williams, a state prisoner representing himself, alleges that defendants failed to promptly address his threats of suicide and to give him adequate medical care after he overdosed on medication in violation of his constitutional rights.[1]  Dkt. 1.  Relevant here, plaintiff alleges that defendant Rebecca Young, a corrections officer, watched as he overdosed in his cell by taking pills without attempting to take the pills from him or otherwise take action to prevent the overdose.  *Id.*, ¶ 16–20.

This order addresses plaintiff's motions to preserve and compel production of certain video evidence.[2]  Dkts. 44, 46, 49.  For the following reasons, the court will require defendants to produce certain unaltered video evidence for plaintiff's review at his institution.

ANALYSIS

Plaintiff seeks to ensure the preservation of relevant video evidence and to compel defendants to produce it, including an unaltered copy of Rebecca Young's body worn camera

---

[1] The court dismissed plaintiff's restraint claims for his failure to exhaust them.  Dkt. 58.

[2] Plaintiff's motion for a decision on his discovery motions, Dkt. 59, is now moot.

footage from the morning of August 31, 2024, and any video of him on that date being removed from an interview room, assessed by Health Services, and transported to the hospital, and interacting with defendant Shane Hinton.

Taking the request for video of the interview room, Health Services, and defendant Hinton first, defendants attest that none of this video footage can be located.  Dkt. 50 at 2. These videos were initially preserved by the non-defendant security secretary, with confirmation sent to plaintiff on November 10, 2024.  Dkt. 51, ¶ 3.  When the Wisconsin Department of Justice sought to review the videos, the security secretary was unable to locate any of these videos she believes she preserved pursuant to plaintiff's request.  *Id.*, ¶ 14.  Neither could a paralegal supervisor at the Wisconsin Department of Justice or the Wisconsin Department of Corrections Bureau of Technology Management.  Dkt. 52, ¶ 14, Dkt. 53, ¶ 9. Defendants have no explanation why this occurred.

The court cannot compel defendants to produce or preserve materials that do not exist, and while the loss of this evidence is unfortunate, there is no evidence that these videos were purposely destroyed or deleted.  To the extent plaintiff believes otherwise, remedies used to combat spoliation of evidence include pretrial discovery sanctions and an "adverse inference" at trial, which permits the trier of fact to draw an inference that the missing evidence would have been unfavorable to the party that failed to preserve it.  Plaintiff may raise the issue at summary judgment or trial, but he must keep in mind that to prevail on such a claim, he will have to meet the high bar of showing that defendants destroyed the evidence on purpose to hide adverse information.  *See Norman-Nunnery v. Madison Area Tech. Coll.*, 625 F.3d 422, 428 (7th Cir. 2010) ("The crucial element in a spoliation claim is not the fact that the [evidence was] destroyed but that [it was] destroyed for the purpose of hiding adverse information.").

2

Turning to defendant Young's body camera video, it has been produced in what the parties call a "redacted" form.  The court understands this to mean that it does not have sound, at least in some portions—it is unclear whether there are portions with sound and portions without.  Defendants explain that they redacted the video footage "to protect other inmates' privacy and confidential information," including information defendants suggest may be protected under the Health Insurance Portability and Accountability Act (HIPAA).  Dkt. 50 at 2.  Plaintiff objects, contending that Young denies having her trap key on the day of the incident but the video with sound will show her using her key at other cells and thus presumably help establish that Young could have used her trap key to also open the trap on plaintiff's cell door when he began to overdose on pills.[3]

Defendants should make reasonable efforts to produce as much of the video with audio as possible.  Generally speaking, discovery is broad.  Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable."

Relevance is not disputed, and redaction is done for limited purposes.  Rule 5.2 provides for redaction of an individual's social security or taxpayer identification number, birth date,

---

[3] A trap key is a key used by prison staff to operate the secure slots or "traps" on a cell doors.

and financial-account number, and of a minor's name, which do not seem to be at issue. A court can require the redaction of additional information "[f]or good cause," but defendants have not sought a protective order to that or any other effect. Fed. R. Civ. P. 5.2(e); *see* Fed. R. Civ. P. 26(c) (designating why the court may issue a protective order).

Defendants rely on HIPPA, a statute that protects individually identifiable information about a person's mental or physical health from disclosure. *See* 42 U.S.C. §§ 1320d(6) (defining "individually identifiable health information") & 1320d-6 (wrongful disclosure of individually identifiable health information). But they do not explain what information in the video, even generically or categorically, would require redaction or alternation pursuant to this statute. And while defendants offer to provide the video for *in camera* review "and further determinations from there," Dkt. 50 at 4, *in camera* review is primarily used to determine whether materials are privileged, not as tool for the parties to use to brainstorm disclosure solutions.

Because the video captures the underlying events alleged in this case against defendant Young, it should be disclosed in as unaltered a state as possible, taking into account the points regarding redaction/protection discussed above. If Young's interaction with other inmates during her rounds on the day in question revealed information about their mental or physical health, such as medication information, that could fall under HIPPA's protections. But any redaction/protection of this information should be narrowly tailored. If there is only a small segment of the body camera video that has potentially protected information, that isn't a basis to remove audio from the whole of the video. Defendants must review the video and make reasonable efforts to produce as much of it with audio as possible by the deadline indicated below. They may omit those portions from the audio version produced for plaintiff's review

that contain HIPPA protected information.  If defendants conclude that the video as currently redacted is what HIPPA requires, they must notify plaintiff by the production deadline. Defendants may also seek a protective order prior to a fuller disclosure and may request that the video be maintained under seal if either party seeks to admit it with audio.

## ORDER

IT IS ORDERED that:

1. Plaintiff Jovan Williams' motion for clarification, Dkt. 59, is DENIED as moot.

2. Plaintiff's motion for a protective order, Dkt. 49, is DENIED.

3. Plaintiff's motions to compel production, Dkt. 44 & Dkt. 46, are GRANTED in part and DENIED in part as described in this order.

4. By April 17, 2026, defendants must make available an unredacted or partially unredacted copy of the body camera video footage for plaintiff's review at his institution or notify plaintiff that no additional audio will be restored pursuant to this order.

Entered March 31, 2026.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge