IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOVAN WILLIAMS,

                          Plaintiff,

   v.

REBECCA YOUNG, NICHOLAS ROEN,
BRITTANY HIBMA, SHANE HINTON, BOWYN
WILSON, and GINA STREHLOW,

                         Defendants.

ORDER

25-cv-252-jdp

---

Plaintiff Jovan Williams, proceeding without counsel, contends that prison staff at Columbia Correctional Institution (CCI) failed to promptly address his threats of suicide and failed to give him adequate medical care after he attempted suicide by overdosing on medication. Williams alleges that defendant Rebecca Young watched him overdose and did nothing to stop him, that defendants Wilson, Roen, and Hibma left him in an interview room unsupervised after he overdosed, and that defendants Hinton and Strehlow delayed getting him appropriate medical care. *See* Dkt. 10 (screening order).

This order addresses an issue related to Williams's motion for sanctions based on defendants' failure to preserve video footage of the incident. Dkt. 61. In response to a previous motion to compel, defendants explained that Williams filed a preservation request for footage from defendant Hinton's bodycam, the interview room, and the HSU. A folder called "WILLIAMS_JOVAN 575056 8.31.24(2)copy.zip" was created in the DOC's system in response to that preservation request, but the video files in that folder are missing and defendants have not explained why.

Williams has now moved for sanctions against the defendants for spoliation of the video evidence. Dkt. 61. Defendants' response is due April 23, 2026. This order identifies some specific issues that the court expects defendants to address in their response.

First, defendants should provide a declaration from an individual in the DOC's IT department or someone else with personal knowledge, who can explain what steps were taken to identify who created the "WILLIAMS_JOVAN 575056 8.31.24(2)copy.zip" folder, who modified that folder and any files in it after its creation, and what modifications were made. The declaration should also explain whether all possible steps were taken to discover this information, and if not, what additional steps could have been taken to discover this information.

Second, defendants should clarify an issue related to the contents of the "WILLIAMS_JOVAN 575056 8.31.24(2)copy.zip" folder. The declarations that defendants submitted in opposition to the motion to compel were not clear on what exactly that folder contained. CCI litigation coordinator Rebecca Keeran said that the folder "did not contain any recordings." Dkt. 52, ¶ 14. But DOJ paralegal Stephanie Rubsum said that when she examined the folder, there was a video file, which appeared "blank" when she opened the video player application, suggesting that the file had been corrupted. Dkt. 53, ¶¶ 8–10. Defendants should clarify this discrepancy in their response.

Third, in their brief, defendants should explain their position about the applicability of Federal Rule of Civil Procedure 37(e)(1) to the court's analysis of the video issue. Under Rule 37(e)(1), if electronically stored information has been lost because defendants failed to take reasonable steps to preserve it, and the loss of that information has prejudiced Williams, the court "may order measures no greater than necessary to cure the prejudice." Defendants should

explain whether Rule 37(e)(1) applies here and what measures they believe would be appropriate to cure any prejudice.

## ORDER

IT IS ORDERED that defendants have until April 23, 2026, to respond to plaintiff Jovan Williams's motion for sanctions, Dkt. 61, including the issues that the court has identified in this order. Williams has until May 7 to reply.

Entered April 14, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge