IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOVAN WILLIAMS,

                        Plaintiff,

    v.

REBECCA YOUNG, *et al.*,

                        Defendants.

OPINION and ORDER

25-cv-252-jdp

---

Plaintiff Jovan Williams, a state prisoner representing himself, alleges that defendants failed to promptly address his threats of suicide and to give him adequate medical care after he overdosed on medication in violation of his constitutional rights. Dkt. 1. Relevant here, plaintiff alleges that defendant Rebecca Young, a corrections officer, watched as he overdosed in his cell by taking pills without attempting to take the pills from him or otherwise take action to prevent the overdose. *Id.*, ¶ 16–20.

This order addresses plaintiff's motion to serve additional interrogatories on defendant Young. Dkt. 63. For the following reasons, the court will grant the motion in part.

ANALYSIS

Plaintiff seeks to serve two interrogatories in addition to the 25 permitted under Federal Rule of Civil Procedure 33. Young objects because plaintiff has already served her with 25 interrogatories. Dkt. 63-2 at 3. The court may grant a party leave to serve additional interrogatories that are not unreasonably cumulative or duplicative or that do not seek information that is irrelevant or that could be obtained from a more convenient source. *See* Fed. R. Civ. P. 26(b), 33(a).

Plaintiff seeks to serve the following two interrogatories on Young:

26. Defendant Young do you recall all of your interactions with the plaintiff when he overdosed in front of you from the beginning until the end of the incident on 8-31-2024.  If its just a scintilla of a recollection just state that.

27. Defendant Young state what is the purpose of writing a incident report for suicide attempts made by inmates.

Dkt. 63-1 at 2.  The court does not have the benefit of reviewing these proposed interrogatories in light of those plaintiff has already served, save Interrogatory #25 asking Young to state whether she had her trap keys with her when plaintiff overdosed.  Dkt. 63-2 at 6.  Regardless, plaintiff states that these are the final two interrogatories he wants to serve.

For good cause, the court will grant the motion in part and order Young to respond to the following version of plaintiff's proposed Interrogatory No. 26 revised for clarity:

26. Describe to the best of your recollection your interactions with plaintiff during his overdose on August 31, 2024 to the extent you have not stated this information elsewhere in the record.

Whether Young recalls any of her interactions with plaintiff during his overdose is a question that seeks information relevant to plaintiff's claims and a response would not be unduly burdensome.  Young may review her own records to respond to this interrogatory, and plaintiff represents that he will not seek to serve any additional interrogatories.

The court will not order Young to respond to Interrogatory No. 27.  Plaintiff claims that Young did not intervene to prevent his overdose and does not explain a conduct report's relevance to that claim.

2

ORDER

IT IS ORDERED that:

1. Plaintiff Jovan Williams' motion for leave to serve additional interrogatories, Dkt. 63 is GRANTED in part and DENIED in part as explained above in this order.

2. Defendant Rebecca Young is ORDERED to respond to the revised Interrogatory No. 26 by May 13, 2026.


Entered April 28, 2026.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge