IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOVAN WILLIAMS,

Plaintiff,

v.

ORDER

REBECCA YOUNG, NICHOLAS ROEN,
BOWYN WILSON, and GINA STREHLOW,

25-cv-252-jdp

Defendant.

---

Plaintiff Jovan Williams, proceeding without counsel, alleges that prison staff at Stanley Correctional Institution violated his Eighth Amendment rights and were negligent in their response to his overdose. I denied defendant Nurse Strehlow's motion for summary judgment on the claim that she was negligent in failing to administer activated charcoal to Williams. Dkt. 115.

Strehlow now moves for reconsideration of that decision. Dkt. 119. She submits a new declaration to support her motion. Dkt. 120. She contends that the court misapplied basic summary judgment procedure and misread precedent concerning the need for expert evidence to support a medical malpractice claim.

I'll start with the new declaration. If Strehlow needed this evidence to show that she was entitled to summary judgment, she should have submitted it with her motion for summary judgment. "It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him." *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995). Even so, I might be more sympathetic to the new evidence if it were more substantial. But the two paragraphs in Strehlow's declaration are conclusory. She attests that the applicable nursing standard of care did not require her to administer activated

charcoal under the circumstances of the case. But she doesn't submit documentation on the standard or even describe it, and she doesn't explain what about the circumstances of the case lead her to conclude that activated charcoal wasn't indicated. If this were proffered to the court as an expert opinion, I would exclude it as purely conclusory.

Strehlow also attests that she didn't have access to activated charcoal on August 31, 2024, so she couldn't administer it. But this raises more questions than it answers. What does she mean that she didn't have "access" to activated charcoal? Why didn't she have access to activated charcoal on that date? Did she normally have access to it? I'm not going to revisit a summary judgment decision on the basis of so sketchy a declaration.

As for the application of summary judgment procedural law, the court must construe the facts and draw all reasonable inferences in favor of the non-moving party, here Williams. The medical records of Williams's treatment imply that activated charcoal might have helped had it been administered earlier. With a counseled plaintiff, I would expect a more formal presentation of an expert opinion about whether activated charcoal was indicated. But incarcerated pro se plaintiffs never have their own expert at summary judgment. Accordingly, I examine the summary judgment record to see if there is any evidence, or plausible inferences from the evidence, to support the allegation of medical negligence. I found that evidence here. It doesn't necessarily make Williams's case a strong one. And if at summary judgment Strehlow had put in admissible expert evidence on whether charcoal was called for under the standard of care, I might have concluded that no reasonable jury could find for Williams. But as the summary judgment record stands, Strehlow has not established her entitlement to summary judgment.

As for the alleged misreading of precedent, the court sees no error in its application of the principles of *Gil v. Reed*, 381 F.3d 649 (7th Cir. 2004). There, the court of appeals held:

> In the district court, the government proposed no findings of fact regarding the specifics of Gil's malpractice claim. Rather, the government rested solely on Gil's failure to produce expert testimony that the care provided to him was not within the standard of practice at the time treatment was provided. The district court faulted Gil for failing to name as expert witnesses anyone other than his treating physicians. We hold that Gil may rely on his treating physicians to establish the standard of care, even if those physicians are defendants or agents of defendants. Gil has not cited specific evidence from Reed regarding the standard of care, but relies instead on Dr. Kim's angry reaction upon learning that his instructions had been ignored as demonstrating that Reed's and Penaflor's actions breached the standard of care. At the summary judgment stage, with a pro se plaintiff, Dr. Kim's angry reaction and reassertion of his earlier instructions are enough to create a genuine issue on whether Reed and Penaflor were meeting the standard of care required under the law.

*Id*. at 660. Williams's situation is analogous to Gil's. At the summary judgment stage, with a pro se plaintiff, the physician's observation that it may be too late for Williams to benefit from activated charcoal is enough to create a genuine issue on whether Strehlow was meeting the standard of care required under the law.

Strehlow also argues that Williams lacks evidence of causation. But that was not an argument she made at summary judgment, so it's not a basis to reconsider the court's summary judgment decision.

ORDER

IT IS ORDERED that Defendant Strehlow's motion for reconsideration, Dkt. 119, is DENIED.

Entered November 18, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge